UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ANNE P. POMERANTZ, Acting Regional Director of the Nineteenth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>    Petitioner,<br><br>    v.<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 4,<br><br>    Respondent,<br><br>    and<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 8,<br><br>    Respondent,<br><br>    and<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,<br><br>    Respondent. | Case No. 3:13-cv-1676-AA<br><br>ORDER |

1 – ORDER

AIKEN, Chief Judge:

Before the court is Petitioner's Affidavit in Support of Attorney fees. Doc. 80. On June 24, 2014, the court issued an order allowing fees incurred by Petitioner and interested party Tidewater Barge Lines' (Tidewater) in seeking a second order of civil contempt against the International Longshore and Warehouse Union, and Locals 4 and 8 (the Union), with respect the Union's picketing conduct in April 2014. Doc. 78. The Union stipulated to the amount of fees owed to Tidewater, doc. 82; however, the Union and Petitioner were unable to agree on the appropriate amount of fees.

The parties' sole dispute is whether Petitioner is entitled for recover fees for an attorney's travel between Spokane, Washington and Portland, Oregon to investigate the Union's conduct ultimately found to be contemptuous. I find that Petitioner is so entitled. Notably, such fees were incurred due to the Union's contemptuous conduct; but for the Union's conduct in April 2014, Petitioner's counsel would not have been required to travel to and from Portland, Oregon. Thus, not only was counsel engaged in providing legal services to Petitioner, his travel was necessitated by the Union's contemptuous conduct. Moreover, an attorney's travel time is compensable in this Circuit. See Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986); see also Johnson v. Credit Int'l Inc.,

2 - ORDER

257 Fed. Appx. 8, 10 (9th Cir. 2007); Gordillo v. Ford Motor Co., 2014 WL 2801243, at *4 (E.D. Cal. June 19, 2014). Finally, I find the fees sought by Petitioner to be quite reasonable and find no basis to discount them.

Accordingly, the court awards attorney fees to Petitioner in the amount of $12,985.52.

IT IS SO ORDERED.

DATED this 29 day of January, 2015.

_____
Ann Aiken
United States District Judge

3 - ORDER